**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1708**
_____

GLADYS GARDNER, Individually on behalf of all persons
similarly situated,

                Plaintiff – Appellant,

      v.

ALLY FINANCIAL INCORPORATED, f/k/a GMAC INCORPORATED,

                Defendant and 3rd-Party Plaintiff – Appellee.

_____

**No. 11-1731**
_____

RANDOLPH SCOTT, Individually and on behalf of all persons
similarly situated,

                Plaintiff – Appellant,

      v.

NUVELL NATIONAL AUTO FINANCE, LLC, d/b/a Nuvell National
Auto Finance; NUVELL FINANCIAL SERVICES LLC,

                Defendants and 3rd-Party Plaintiffs – Appellees.

_____

Appeals from the United States District Court for the District
of Maryland, at Baltimore.  J. Frederick Motz, Senior District
Judge.  (1:10-cv-01094-JFM; 1:09-cv-03110-JFM)

_____

Argued:  May 18, 2012          Decided:  March 25, 2013

_____

Before AGEE, DAVIS, and THACKER, Circuit Judges.

————————————————

Reversed and remanded by unpublished per curiam opinion.

————————————————

**ARGUED:** Benjamin Howard Carney, GORDON & WOLF, CHTD., Towson, Maryland, for Appellants. Andrew Seth Doctoroff, HONIGMAN, MILLER, SCHWARTZ & COHN, Detroit, Michigan, for Appellees. **ON BRIEF:** Martin E. Wolf, QUINN, GORDON & WOLF, CHTD., Baltimore, Maryland; Mark H. Steinbach, O'TOOLE, ROTHWELL, NASSAU & STEINBACH, Washington, D.C.; John J. Roddy, Elizabeth A. Ryan, RODDY, KLEIN & RYAN, Boston, Massachusetts, for Appellants. Jason R. Abel, HONIGMAN, MILLER, SCHWARTZ & COHN, Detroit, Michigan; Kimberly A. Manuelides, Geoffrey M. Gamble, SAUL EWING LLP, Baltimore, Maryland, for Appellees.

————————————————

PER CURIAM:

The background of this case is set forth in Gardner v. Ally Financial, Inc., 488 F. App'x 709 (4th Cir. 2012). There, we certified to the Court of Appeals of Maryland the following question:

> Where tangible personal property financed pursuant to Maryland's Creditor Grantor Closed End Credit Act ("CLEC"), Md. Code Ann., Com. Law §§ 12-1001 et seq., is subsequently repossessed and sold by the credit grantor at an auction that is publicly advertised but requires a $1,000 refundable fee for a person to enter and observe the auction, regardless of whether the person intends to bid, is the sale a private sale under CLEC, and thus subject to the post-sale disclosure requirements in Md. Code Ann., Com. Law § 12-1021(j)(2), or is it a "public auction" (or "public sale"), subject instead to the requirements of § 12-1021(k)?

Id. at 711. The Court of Appeals of Maryland determined, "the auctions at issue were 'private sales' under CLEC, Section 12-1021(j)." Gardner v. Ally Financial, Inc., -- A.3d --, 2013 WL 765013 at *1 (Md. Mar. 13, 2013). Accordingly, we conclude that the district court erred in deciding "the repossessed vehicles were . . . sold at 'public sales.'" Scott v. Nuvell Financial Servs., Inc., 789 F. Supp. 2d 637, 638 (D. Md. 2011).

Therefore, we reverse the judgment of the district court and remand to the District of Maryland for further proceedings, consistent with the Court of Appeals of Maryland's decision.

REVERSED AND REMANDED

3