**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-1795**

_____

MELISSA BEDIAKO, on her own behalf and on behalf of all
others similarly situated,

                    Plaintiff – Appellant,

      v.

AMERICAN HONDA FINANCE CORPORATION,

                    Defendant – Appellee.

----------------------------------

AMERICAN FINANCIAL SERVICES ASSOCIATION,

                    Amicus Supporting Appellee.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:11-
cv-00001-RWT)

_____

Argued:  May 14, 2013            Decided:  August 1, 2013

_____

Before Sandra Day O'CONNOR, Associate Justice (Retired), Supreme
Court of the United States, sitting by designation, and WYNN and
DIAZ, Circuit Judges.

_____

Affirmed by unpublished opinion.  Judge Diaz wrote the opinion,
in which Justice O'Connor and Judge Wynn joined.

_____

**ARGUED:**  Cory Lev Zajdel, Z LAW, LLC, Owings Mills, Maryland,
for Appellant.  Donald M. Falk, MAYER BROWN LLP, Palo Alto,

California, for Appellee.  **ON BRIEF:**  David M. Ross, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, Washington, D.C., for Appellee.  Robert L. Wise, BOWMAN AND BROOKE LLP, Richmond, Virginia, for Amicus Supporting Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

DIAZ, Circuit Judge:

Melissa Bediako, on behalf of a putative class, asserts that American Honda Finance Corporation ("Honda Finance") violated Maryland's Credit Grantor Closed End Credit Provisions, Md. Code, Com. Law § 12-1001 et seq. ("CLEC"), by providing inadequate notice of private sales of repossessed automobiles. The district court dismissed Bediako's complaint, concluding that her claim was time barred, failed to allege actionable damages, and failed on the merits. Because we conclude that Bediako has failed to allege actionable damages, we affirm.

I.

A.

In 2004, Bediako, a citizen of Maryland, purchased a used automobile with financing she obtained by executing a Retail Installment Sale Contract ("RISC"). A provision in the RISC chose CLEC as the governing law for the agreement. The RISC was subsequently assigned to Honda Finance, a California corporation.

Bediako eventually defaulted on her payment obligations. As a result, Honda Finance repossessed her vehicle on or before April 28, 2005. Thereafter, Honda Finance notified Bediako in writing that it would sell the car at a private sale after May 15, 2005, but that she could get the vehicle back at any time

3

before the sale if she paid her entire outstanding obligation. J.A. 45. Honda Finance also informed Bediako that she could reinstate her contract if she paid the current arrearage within fifteen days, and told her the exact location where her vehicle was stored. J.A. 46-47.

On July 1, 2005, after Bediako failed to act, Honda Finance sold her vehicle in a private sale. Honda Finance subsequently sent a post-sale notice to Bediako demanding payment on a deficiency of $7,036.80, which remained due on her account after crediting the proceeds of the sale. Bediako made three payments after the sale (all in 2008), which totaled $375.

B.

In 2010, Honda Finance filed a lawsuit against Bediako in Maryland state court to collect the remaining debt, but it later dismissed the action without prejudice. Honda Finance has said repeatedly in this action that it has abandoned its deficiency claim against Bediako.

While Honda Finance's deficiency action was pending in 2010, Bediako filed a putative class action complaint against Honda Finance in Maryland state court alleging defects in the pre-sale notice, namely that Honda Finance systematically sold repossessed property at private sales at unknown locations, on unknown dates, and at unknown times, contrary to CLEC's requirements. Bediako asserted claims for declaratory judgment,

4

breach of contract, restitution, unjust enrichment, violations of CLEC, and violations of Maryland's Consumer Protection Act.

Honda Finance removed the action to federal court and filed a motion to dismiss asserting that Bediako's claims were not timely and failed as a matter of law. Bediako then voluntarily dismissed the suit. Three months later, however, she refiled essentially the same complaint in the Southern Division of the United States District Court for the District of Maryland. Honda Finance then moved to dismiss Bediako's complaint on largely the same grounds as its prior motion to dismiss.

The district court granted Honda Finance's motion to dismiss. First, the court concluded that Bediako's claims were time barred because the RISC is a contract for the sale of goods subject to the four-year statute of limitations in section 2-275 of Maryland's Uniform Commercial Code. Second, the court concluded that the purported CLEC violation did not result in any actionable damages to Bediako because CLEC permits Honda Finance to recover the principal amount of its loan notwithstanding the alleged CLEC violation. Finally, the court concluded that Honda Finance's notice, which advised Bediako of the location of the vehicle and the date after which Honda Finance would conduct a private sale, comported with the requirements of CLEC. Bediako filed a motion for

5

reconsideration, which the district court summarily denied. Bediako timely appealed.

## II.

The issues before us on appeal are whether the district court erred in concluding that (1) Bediako failed to state a claim because Honda Finance has not collected more than the principal amount of her loan; (2) Bediako's claim is time barred under section 2-725 of Maryland's Uniform Commercial Code; and (3) Honda Finance complied with CLEC's notice requirements before conducting a private sale of Bediako's automobile. We consider only the first issue because it is dispositive of the appeal.

We review de novo the district court's grant of Honda Finance's motion to dismiss. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md., 684 F.3d 462, 467 (4th Cir. 2012). To survive a motion to dismiss, Bediako must allege "sufficient facts to state a claim that is plausible on its face." Id. (internal quotations omitted).

Bediako's claims in this appeal are premised on a violation of the CLEC provisions requiring notice before a creditor may sell collateral securing a loan. If a creditor violates the CLEC notice requirements, it "may collect only the principal amount of the loan and may not collect any interest, costs,

6

fees, or other charges with respect to the loan." CLEC § 12-1018(a)(2). In addition, CLEC section 12-1021(k)(4) provides, in the case of certain notice violations, that "the credit grantor shall not be entitled to any deficiency judgment to which he would be entitled under the loan agreement."

Bediako maintains that the district court improperly dismissed her claims for failure to allege actual damages because CLEC entitles her to relief without proving actual damages. Bediako relies primarily on CLEC section 12-1018(a)(2), which she argues allows her monetary, equitable, and declaratory relief for inadequate notice of a private sale. Looking to an analogous passage in Maryland's Secondary Mortgage Loan Law ("SMLL"), section 12-413, Bediako cites Duckworth v. Bernstein, 466 A.2d 517, 526 (Md. Ct. Spec. App. 1983), among other Maryland cases, for her claim that an accounting and declaratory order stating the amount of her debt is mandatory.

Honda Finance responds that Bediako has no remedy under section 12-1018(a)(2) because it never collected more than the principal amount of Bediako's loan. According to Honda Finance, Bediako's request for declaratory, equitable, and monetary relief is flawed because the plain text of CLEC section 12-1018 provides no remedy until the creditor has collected more than the principal amount of the loan.

We agree with Honda Finance and the district court that Bediako's claims fail as a matter of law because of her failure to allege actual, compensable damages. Sections 12-1018(a)(2) and 12-1021(k)(4) simply do not provide any relief for Bediako.

Section 12-1018(a)(2), by its plain terms, limits a debtor's relief under CLEC to any amounts paid in excess of the principal amount of the loan. As the district court aptly noted, all of Bediako's payments, plus the amount Honda Finance recovered in the private sale of her automobile, fall far short of the original principal amount of the loan.[1] Unlike the Fair Debt Collection Practices Act, which, as Bediako notes, provides for statutory damages as long as the claimant can establish a violation, 15 U.S.C. § 1692k(a)(2), CLEC does not provide for any fixed statutory damages beyond the plaintiff's actual loss. To the contrary, CLEC section 12-1018(a)(2) expressly permits creditors to recover the principal amount of a loan. Accordingly, Bediako has no right to monetary relief under section 12-1018(a)(2).

---

[1] Bediako owed a principal amount of $16,234.75. Assuming that she made all of her payments until the day Honda Finance repossessed her automobile, these payments totaled $4,308.72. After accounting for the proceeds of the sale ($7,900) and her subsequent payments ($375), at least $3,701.03 of the principal remains uncollected. Bediako suggests that the district court failed to consider other illegal fees Bediako might have paid, but she does not allege that she actually paid any such fees.

Section 12-1021(k)(4), which bars a creditor from obtaining a deficiency judgment in the case of certain notice violations, fails to save Bediako's claims as well. CLEC expressly provides that section 12-1021(k)(4) applies only to notice violations with respect to public sales, and therefore provides no relief to Bediako or the putative class. See CLEC § 12-1021(k)(1) ("The provisions of this subsection apply to a public sale of property . . . .").

Nor may Bediako salvage her suit by relying on a potential award of nominal damages. Maryland courts have refused to allow nominal damages in certain consumer protection cases, requiring proof of actual damages. See Frazier v. Castle Ford, Ltd., 27 A.3d 583, 589 (Md. Ct. Spec. App. 2011) ("[N]ominal damages are not available in an action . . . for a deceptive trade practice under the Consumer Protection Act . . . ."), rev'd on other grounds, 59 A.3d 1016 (Md. 2013). The purpose of this restriction is "to prevent aggressive consumers who were not personally harmed by the prohibited conduct . . . from instituting suit as self-constituted private attorneys general over relatively minor statutory violations." Lloyd v. Gen. Motors Corp., 916 A.2d 257, 280 (Md. 2007) (internal quotations omitted). A similar limitation requiring actual damages is implicit in the language of section 12-1018(a)(2), which provides no remedy beyond recovery of payments in excess of the

9

principal amount of the loan.  The limitation is more explicit in section 12-1016(c)(2), which provides that the Commissioner of Financial Regulation may only award a CLEC complainant a refund of (1) the amount a creditor has collected in excess of that expressly permitted by CLEC, or (2) the amount a creditor is expressly not permitted to collect.[2]  Considering these two provisions in harmony and looking to CLEC as a whole, we conclude that CLEC does not permit an award of nominal damages, but rather requires an actual loss to sustain the claims alleged by Bediako.

Finally, Bediako's request for equitable and declaratory relief also fails.  Even assuming that declaratory relief is available under CLEC when the debtor has paid less than the full principal amount, Bediako has no right to such relief.  Honda

---

[2]  Bediako suggests that section 12-1016 implies that there is a broader right to statutory damages under section 12-1018(a)(2) because to proceed under section 12-1016 the complainant must waive his or her right to "rais[e] or assert[] against the credit grantor in any subsequent forum any claim, defense, setoff, recoupment, penalty for violation, or right of any kind based on the matters addressed in the complaint or the hearing."  CLEC § 12-1016(b)(3)(i).  We read this provision, however, to simply state that a complainant who has pursued a remedy with the Commissioner under section 12-1016 may not have a second bite at the apple in another forum.  We also note that a section 12-1016 proceeding provides a remedy independent of actual damages--the Commissioner may order the creditor to cease and desist from unlawful practices.  CLEC § 12-1016(c)(1).  No such remedy is provided under the civil remedy provision of section 12-1018(a)(2).

Finance has repeatedly abandoned any claim for a deficiency judgment against Bediako, and such a claim would now be time barred under the applicable statute of limitations. In the absence of an actual controversy concerning Bediako's liability for a deficiency judgment, the federal courts lack authority under 28 U.S.C. § 2201 to issue declaratory relief.[3]

In short, even if Bediako has adequately alleged a violation of CLEC's notice provisions, she is unable to state a claim because she has suffered no actual damages that are compensable under CLEC.[4]

---

[3] Bediako has attempted to salvage her claims by contending that the debt remains listed on her credit report. However, this argument was not raised in her opening brief and is waived. United States v. Hudson, 673 F.3d 263, 268 (4th Cir. 2012).

[4] Honda Finance also contends that because Bediako has not suffered a compensable loss, she lacks Article III standing to pursue her claims. We disagree, as Bediako has alleged "an invasion of a legally protected interest" that is concrete and particularized, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), that is, Honda Finance's purported failure to comply with the notice provision of CLEC when repossessing and selling her automobile. While a statute may not enlarge the boundaries of Article III standing, a party certainly may enforce a statutory right in federal court. See, e.g., Havens Realty Corp. v. Coleman, 455 U.S. 363, 374 (1982). Thus, Bediako has alleged an injury-in-fact sufficient to provide standing even if, as we have concluded, the claim fails on the merits.

11

III.

For these reasons, we affirm the judgment of the district court.

AFFIRMED